# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# DOCKET NO. 2:12-CV-00014-FDW

| | |
|---|---|
| CYNTHIA JEAN DAY,<br><br>      Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1]<br><br>      Defendant | ORDER |

**THIS MATTER** is before the Court upon Plaintiff Cynthia Jean Day's Motion for Summary Judgment, (Doc. No. 10), filed September 29, 2012, and Defendant Acting Commissioner of the Social Security Administration Carolyn W. Colvin's ("Commissioner's") Motion For Summary Judgment, (Doc. No. 14), filed December 14, 2012.

For the reasons set forth below, Plaintiff's Motion for Summary Judgment is DENIED and Defendant's Motion for Summary Judgment is GRANTED. Accordingly, the decision of the administrative law judge ("ALJ") is AFFIRMED. The Clerk's office is directed to CLOSE THE CASE.

## I.    PROCEDURAL HISTORY

Plaintiff seeks judicial review of an unfavorable administrative decision on her application for disability benefits. Plaintiff filed for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in early 2009,[2] with an alleged onset date of June 18,

---

[1] Then-Commissioner of Social Security Michael J. Astrue was the original named Defendant in this case. Carolyn W. Colvin became Acting Commissioner of Social Security in February 2013, and, accordingly, is now the named Defendant instead of former Commissioner Astrue.

[2] While the Application Summary cites the date of application as August 14, 2009, (Tr. 145), the ALJ's Notice of Unfavorable Decision cites the application date as August 6, 2009. (Tr. 15).

2009. (Tr. 145-160). Her applications were initially denied by Paul Barnes, Regional Commissioner of Social Security ("Barnes") on November 9, 2009. (Tr. 109-112). Plaintiff's application was again denied on reconsideration by Barnes on February 26, 2010. (Tr. 123-124). Plaintiff requested a hearing before an ALJ on March 5, 2010. (Tr. 133). A hearing was held on January 12, 2011 before Administrative Law Judge Ivar E. Potts. (Tr. 44-56).

On April 5, 2011, the ALJ issued a finding that Plaintiff was not disabled. (Tr. 15-40). The question before the ALJ was whether Plaintiff had a "disability," as that term is defined for Social Security purposes, between June 18, 2009, and the date of his decision.[3] To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 (1987).

The Social Security Administration has established a five-step sequential evaluation process ("SEP") for determining if a person is disabled and thus entitled to benefits. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;
(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

---

[3] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

The ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity after her alleged disability onset date. (Tr. 17). At the second step, the ALJ found that Plaintiff's combination of aneurysm, hypertension and obesity, were severe impairments.[4] (Tr. 17). The ALJ considered evidence from Plaintiff's primary physician Dr. Patricia Johnson and Plaintiff's neurosurgeon Dr. Eric Rhoton. (Tr. 34-37). The ALJ also relied on assessments from two State agency psychological consultants ("state psychologists") and two State agency physician consultants ("state physicians").[5] Id. At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 15). At the fourth step, the ALJ found that Plaintiff:

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). [Plaintiff] could lift/carry up to 20 pounds at a time and lift/carry up to 10 pounds on a frequent basis. [Plaintiff] could sit, stand and walk up to six hours each out of an eight-hour workday. [Plaintiff] could push/pull with the upper and lower extremities in a manner consistent with the exertional demands of light work. [Plaintiff] could climb and balance on an occasional basis and frequently stoop, kneel, crouch and crawl. [Plaintiff] should avoid concentrated exposure to workplace hazards such as unprotected heights and dangerous machinery.

(Tr. 20). In making his finding, the ALJ considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. § 404.1529 and Social Security Rules ("SSRs") 96-4p and 96-7p. (Tr. 15-21). The ALJ also considered opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and

---

[4] The determination at the second step as to whether an impairment is severe under the regulations is a de minimis test, intended to weed out clearly unmeritorious claims at an early stage. Bowen v. Yuckert, 482 U.S. 137 (1987).

[5] As is standard Social Security Administration protocol, these consultants consider all of the relevant evidence in the case record including the claimant's medical history, laboratory findings and recorded observations and then make their own RFC assessment. SSR 96-8p.

3

06-3p. (Tr. 21). At step four, the ALJ found that Plaintiff could not perform her past relevant work. (Tr. 20).

At the fifth and final step, the ALJ concluded that, based on the testimony of a vocational expert ("VE") and "considering [Plaintiff's] age, education, work experience and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 38). The VE testified that, according to the factors given by the ALJ, Plaintiff could perform unskilled light occupations in hand packaging, housekeeping or cafeteria work, among other jobs. (Tr. 39). Therefore, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from June 18, 2009 through the date of the decision. (Tr. 39). As such, the ALJ denied Plaintiff's request for DIB and SSI benefits.

The Appeals Council denied Plaintiff's request for review on March 23, 2012, rendering the ALJ's decision the final decision of the Commissioner. Plaintiff, who has exhausted her administrative remedies, filed this action on May 11, 2012 pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). Accordingly, the district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

Under the Social Security Act, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being 'more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that a reviewing court is not to re-weigh evidence, nor to substitute its judgment for that of the Commissioner, provided that the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome; it must affirm the Commissioner's decision – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). The Court may set aside a determination of the ALJ only if it not supported by evidence, or it is based upon legal error. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

### III. DISCUSSION

Plaintiff on appeal to this Court makes the following assignments of error:

(1) The ALJ erred by not considering Plaintiff's chronic headaches a severe impairment at step two of the SEP and by not considering the effects of this impairment at step four and step five of the SEP.

5

(2) The ALJ erred by finding that Plaintiff's mental impairments were not severe.

(3) The ALJ failed to accord proper weight to the opinions of Plaintiff's treating physicians.

(4) The ALJ's step five determination is unsupported by substantial evidence and is the product of legal error.

(5) The ALJ failed to develop the record.[6]

## A. The ALJ's Consideration of Plaintiff's Headaches

Plaintiff contends that the ALJ erred by failing to consider chronic headaches to be a severe impairment and by not considering this impairment in the Plaintiff's RFC. The Plaintiff bears the burden of showing that an impairment is severe at step two. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). The ALJ discussed Plaintiff's headaches in his decision but found that Plaintiff's headaches did not constitute a severe impairment. The record contains substantial evidence to support the ALJ's finding. Neither of the state physicians concluded that the headaches were a severe impairment. (Tr. 394-401, 478-485). The ALJ also raised legitimate questions regarding the credibility of the Plaintiff in correctly assessing the severity of her alleged headaches. Although Plaintiff now claims that headaches are a severe impairment, she stated numerous times in both 2009 and 2010 that her headaches had been resolved. (Tr. 381, 387, 519, 594). Dr. Rhoton offered to lower her pressure valve numerous times to alleviate her headaches, but Plaintiff declined. (Tr. 550). Later, Plaintiff failed to attend a follow-up appointment with Dr. Rhoton to discuss any possible headaches. (Tr. 550). Also, Plaintiff testified that dizziness and blurred vision cause significant limitations, but she acknowledges that Dr. Johnson has sanctioned Plaintiff's use of a car, and Plaintiff continues to drive occasionally.

---

[6] Plaintiff makes these claims as three arguments. They are further broken down in this opinion to aid in the Court's analysis.

6

(Tr. 34). Furthermore, Plaintiff recognizes that poor vision could exacerbate her headaches, but she does not wear her glasses as regularly as prescribed. (Tr. 31). These items in the record amount to substantial evidence in support of the ALJ's finding that headaches were not a severe impairment at step two, and not necessary to be included in the RFC at step four.

B.  The ALJ's Consideration of Plaintiff's Mental Impairments

Plaintiff next argues that the ALJ failed to properly consider diagnoses of anxiety and depression when finding that her mental impairments were not severe. Substantial evidence in the record supports the ALJ's finding that anxiety and depression were not severe impairments. Specifically, both state psychologists found that Plaintiff's mental impairments were not severe, (Tr. 437-450, 486-499) and Plaintiff offers no evidence that any mental health professional has found her to have any severe mental impairment. Furthermore, Plaintiff does not dispute the ALJ's finding that she has not sought treatment from a mental health professional nor has she been referred to a mental health specialist. Thus, substantial evidence supports the ALJ's finding that Plaintiff does not suffer from a severe mental impairment.

C.  The ALJ's Evaluation of the Opinions of Drs. Johnson and Rhoton.

Plaintiff claims that the ALJ failed to give proper weight to opinions of Dr. Johnson and Dr. Rhoton, and that the ALJ's conclusion regarding Plaintiff's residual functional capacity is therefore erroneous. Plaintiff correctly notes that the opinion of a social security claimant's treating physician is entitled to great weight for it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. Mitchell v. Schweiker, 699 F.2d 187 (4th Cir. 1983). However, a treating physician's opinion may be outweighed if there is persuasive contradictory evidence. Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974).

Plaintiff argues that the ALJ should have made his determination based on Dr. Johnson's opinion that Plaintiff is "totally disabled." (Tr. 469). However, the treating physician's opinion is contradicted by persuasive evidence, in the form of opinions by two state physicians who found no severe impairments to Plaintiff. (Tr. 394-401, 478-485). The ALJ is entitled to rely on state agency reviewing physicians insofar as they have considered all the relevant evidence. Lusk v. Astrue, No. 11-196, 2013 WL 498797, at *4 (W.D.N.C. Feb. 11, 2013) (expert opinions of agency reviewing physicians may amount to substantial evidence where they represent a reasonable reading of the relevant medical evidence, citing 20 C.F.R. §§ 404.1527(c) and (e), 416.927(c) and (e)). See also Stanley v. Barnhart, 116 Fed. App'x 427, 429 (4th Cir. 2004); Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984). Plaintiff does not challenge the reliability of these physicians on any specific basis. Instead, Plaintiff argues that Dr. Johnson's opinion should be controlling. Defendant notes that Dr. Johnson made a determination based largely on subjective complaints, while objective medical tests revealed generally normal findings. Dr. Johnson's opinion notwithstanding, the opinions of two state physicians, along with the lack of objective medical evidence substantiating Dr. Johnson's claims, provide substantial evidence to support the ALJ's findings.

### D. The ALJ's Step Five Determination

Plaintiff claims that the ALJ's step five determination is unsupported and a product of legal error because the ALJ relied upon incomplete testimony from the VE. "In order for a vocational expert's opinion to be relevant or helpful, it must be in response to hypothetical questions which fairly set out all of [Plaintiff's] impairments." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). The ALJ found that Plaintiff's headaches and mental capabilities did not constitute severe impairments. As described above, substantial evidence supports the ALJ's conclusions.

Therefore, the hypothetical questions posed to the VE fairly set out all of Plaintiff's impairments, and the ALJ's step five determination was not a product of legal error.

### E. The ALJ's Duty to Develop the Record

Plaintiff next argues that the ALJ failed to properly fulfill his duty to develop the record because he did not contact Drs. Johnson or Rhoton to clarify their opinions regarding Plaintiff's ability to work on a sustained basis. An ALJ has a duty to develop the record "when the evidence is inadequate" to make findings as to disability. Cook v. Heckler, 783 F.2d 1168 (4th Cir. 1986). An ALJ is not, however, required to further develop the record and obtain additional evidence when the "ALJ had before him sufficient facts to determine the central issue of disability." Scarberry v. Chater, 52 F.3d 322 (4th Cir. 1995).

In this case, the ALJ had sufficient evidence to conclude that Plaintiff did not suffer from severe headaches or psychological problems and that Plaintiff's impairments were limited to aneurysm, hypertension and obesity. As previously stated, the ALJ considered numerous issues with Plaintiff's credibility in accurately describing the severity of her headaches, and the ALJ made its finding based on the opinion of four health care professionals. This Court does not evaluate the ALJ's decision de novo, and substantial evidence exists in the record to justify the ALJ's findings. As such, the ALJ was under no obligation to further develop the record as Plaintiff claims.

### IV. CONCLUSION

Based on the foregoing reasons, the Court finds the Commissioner's decision denying Plaintiff's claim for benefits, as made by the ALJ, was based on substantial evidence, and the ALJ applied the correct legal standards. Therefore, Plaintiff's Motion for Summary Judgment is DENIED, and the Commissioner's Motion for Summary Judgment is GRANTED. Accordingly,

the Commissioner's decision is AFFIRMED. The Clerk's office is directed to CLOSE THE CASE.

IT IS SO ORDERED.

Signed: August 6, 2013

Frank D. Whitney
Chief United States District Judge